IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:01CV83-2-V
(5:98CR164-11-V)

| | | |
|---|---|---|
| **DANETTE L. MAYFIELD,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     v. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Respondent.** | ) | |
| _____) | | |

**THIS MATTER** is before this Court upon the mandate of the Fourth Circuit Court of Appeals entered January 30, 2007. See United States v. Mayfield, No. 06-6282, slip op. at 2 (4th Cir. Dec. 7, 2006). Such mandate remanded the petitioner's Motion to Vacate under 28 U.S.C. §2255 to this Court for consideration of her claim that trial counsel was ineffective for counsel's failure to challenge this Court's inclusion in its sentencing calculations of the petitioner's two juvenile convictions. Having carefully considered that question, the Court has determined that the petitioner has failed to carry her initial burden of establishing that she suffered prejudice for that alleged deficiency. Therefore, the petitioner's claim must be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case were fully recounted in the Court's Order of December 15, 2005. Pertinent to the instant claim, the record shows that on July 6, 1998, a Bill of Indictment was filed, charging the petitioner (and 12 others) with conspiracy to possess with intent to distribute quantities of cocaine powder and cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); and charging her with conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h), et sec. (Count Two). (See 5:98CR164-11, document # 3). Also on that date, the government filed an Information pursuant to 21 U.S.C. §841(b), asserting that the amount of cocaine that was involved with Count One was in excess of five kilograms, and the amount of cocaine base that was involved was in excess of 50 grams. (Id. at document # 4).

On September 11, 1998, the petitioner appeared before the Court and entered "straight up" guilty pleas to both charges. On that occasion, the Court conducted a Plea and Rule 11 Hearing, during which it engaged the petitioner in its standard, lengthy colloquy to ensure that her guilty pleas were being intelligently and voluntarily tendered. After receiving the petitioner's responses to its numerous questions, the Court determined that her guilty pleas should be conditionally accepted. (See Tran. of Plea And Rule 11 Inquiry, filed Sept. 11, 1998).

Next, on June 30, 1999, the Court conducted a Factual Basis & Sentencing Hearing in that matter. At the outset of that proceeding, the petitioner reiterated many of her earlier representations. Thus, the Court unconditionally accepted the petitioner's guilty pleas. Thereafter, the Court heard remarks from counsel for both parties, and then turned to the petitioner for comments. For her part, the petitioner apologized for her involvement in the offenses, and stated that she could not blame anyone else for her irresponsible decision to commit the subject crimes. (See Tran. of Sentencing Hearing, filed June 30, 1999).

Next, the Court reviewed the petitioner's Pre-Sentence Report ("PSR" hereafter). At that point, defense counsel advised that there were no objections, and so the Court accepted the Probation Office's calculations and recommendations. In relevant part, the PSR recommended that the petitioner be subject to a two-level enhancement under U.S. Sentencing Guidelines §3B1.1(c) ("USSG" hereafter) for her managerial role in the subject offenses; that the petitioner's Total Offense Level be set at 37; and that her sentence be calculated on the basis of seven criminal history points, including four which were assessed for her two juvenile convictions. The PSR also recommended that the petitioner's Criminal History Category be set at IV; and that her sentence be imposed within the range of 292 to 365 months imprisonment. (Id. at 4). At the conclusion of that Hearing, the

Court sentenced the petitioner to a term of 292 months imprisonment on Count One, and to a concurrent term of 240 months imprisonment on Count Two. (Id. at 12).

The petitioner timely appealed her case to the Fourth Circuit Court of Appeals, where replacement counsel argued that this Court had erred in imposing the two-level managerial enhancement. See United States v. Mayfield, No. 99-4502, slip op. at 2 (4th Cir. April 24, 2000). However, the Court of Appeals reviewed the petitioner's claim and concluded that this Court had not plainly erred in including the subject enhancement. Id. Accordingly, the petitioner's convictions and sentences were affirmed. Id.

Thereafter, on May 15, 2001, the petitioner, through new habeas counsel, returned to this Court on her Motion to Vacate (See 5:01CV83). In that Motion, habeas counsel set forth 17 claims,[1]

---

[1] Habeas counsel contended that: (1) the petitioner's sentence for the drug charge exceeds the statutory maximum which could have been imposed due to the Indictment's failure to list, and the Court's failure to find, the quantity and type beyond a reasonable doubt; (2) her drug sentence is illegal because it exceeds the statutory maximum term set forth by Congress; (3) counsel was ineffective at sentencing for failing to object to the drug type and quantity upon which the petitioner's sentence was calculated; (4) counsel was ineffective on appeal for failing to challenge the Indictment's omission of drug type and quantity; (5) the petitioner was illegally sentenced due to the Court's failure to determine the scope of her criminal activity for each offense, and its failure to make findings concerning the scope of her involvement and the matters which were reasonably foreseeable to her; (6) counsel was ineffective at sentencing for failing to challenge the attribution of 1.5 kilograms or more of crack to the petitioner, and for failing to seek particularized findings from the Court concerning the drug type and quantity with which she dealt, the scope of her agreement, and the amount of funds which were reasonably foreseeable to her; (7) counsel was ineffective on appeal for failing to argue the illegality of the petitioner's sentences due to this Court's alleged failure to determine the scope of the criminal activity which the petitioner agreed to jointly undertake, or the scope of her agreement concerning the acts of her co-conspirators; (8) counsel was ineffective at sentencing for failing to challenge the two-level managerial enhancement; (9) counsel was ineffective on appeal for failing to file a reply brief in

4

11 of which revolved around allegations that trial and appellate counsel had rendered ineffective assistance. Of particular significance here, in "Ground Ten," the petitioner argued that trial counsel was ineffective for her failure to "thoroughly investigate the circumstances surrounding the criminal convictions underlying [the petitioner's] criminal history score and category and seek a downward departure based on the fact that her criminal history score significantly over-represented the seriousness of her criminal history." In support of that claim, <u>habeas</u> counsel asserted that the assessment of seven criminal history points -- for two minor larcenies, welfare fraud and the petitioner's probationary status –- "significantly increas[ed] her sentence although the conduct underlying the additional points was not serious enough to warrant such an increase in sentence." (<u>Id</u>., doc. # 1 at 11).

On August 1, 2001, the government filed its Response con-

---

opposition to the government's response concerning the two-level enhancement, and for failing to seek a rehearing concerning the appellate Court's decision; (10) counsel was ineffective at sentencing for failing to fully investigate the petitioner's prior convictions so that counsel could have sought a downward departure under U.S.S.G. §5K2.0; (11) the petitioner's money laundering conviction violates her due process rights due to the Court's alleged failure to ensure the existence of a factual basis for that plea; (12) counsel was ineffective for failing to provide the petitioner competent advice concerning the money laundering guilty plea; (13) counsel was ineffective on appeal for failing to challenge the Court's alleged failure to establish a factual basis for the money laundering conviction and to apprize the petitioner of the elements of that offense; (14) the petitioner's guilty pleas violate her due process rights because they were not intelligently made; (15) counsel was ineffective for failing to provide the petitioner competent advice concerning her guilty plea to the drug charge; (16) her guilty plea on the drug charge is invalid because it was not intelligently made pursuant to competent advice from counsel; and (17) appellate counsel was ineffective for having failed to raise trial counsel's ineffectiveness on direct appeal.

tending that the petitioner had failed to meet her burden of establishing prejudice through demonstrating that, but for counsel's alleged error, she would not have pleaded guilty and would have insisted on going to trial.  That Response also argued that the petitioner had failed to present clear and convincing evidence to rebut the presumption that her Rule 11 statements, by which she expressed satisfaction with counsel, were conclusive and binding. (Id., doc. # 7 at 3).  In addition, the government argued that the petitioner had failed to allege any specific defects in the underlying convictions; therefore, counsel's failure to make an unsuccessful motion for a downward departure--which did not rise to the level of a denial of a fundamental right, in any event--was not ineffective.  (Id., doc. #7 at 6-7).

On November 9, 2001, habeas counsel filed a "Motion For Summary Judgment."  By that document, habeas counsel modified their earlier claim, i.e., that trial counsel should have conducted a more thorough investigation so that she could have sought a downward departure, to allege that trial counsel was ineffective for having failed to object to this Court's assessment of two criminal history points each for the petitioner's two juvenile convictions. (Id., doc. # 16 at 10).

In particular, habeas counsel contended that the petitioner's two juvenile convictions did not meet the requirements of USSG §4A1.2(d) in order to prompt assessment of criminal history

6

points because the sentences for those offenses were less than 13 months, and the petitioner was released from confinement for the offenses more than five years before she became involved in the instant offenses of conviction. (Id. at 10-13). Therefore, habeas counsel argued, for the first time, that trial counsel erroneously had allowed the petitioner to be subject to the four criminal history points for her two juvenile convictions. (Id. at 13).

On February 5, 2002, the government filed a Response, asserting that certain evidence, including the petitioner's own letters and other documents, established that she was released from her confinement on the two juvenile convictions within five years of her having become involved with drug dealing activities with co-conspirators other than the boyfriend to whom habeas counsel was pointing. (Id. at doc. # 22 at 2). Consequently, the government argued that pursuant to USSR §4A1.2(d)(2)(A), the petitioner's juvenile convictions properly were included, and so trial counsel could not have been ineffective as alleged. (Id. at 2-3).

On March 18, 2002, habeas counsel filed a Reply, by which they argued that, other than the petitioner's statements which, in any event, were protected by her Non-Attribution Agreement, the government had failed precisely to identify what evidence established her involvement in the instant offenses within five

7

years of her release from prison on the juvenile convictions. (See document # 27 at 1-3). Moreover, habeas counsel argued that the evidence in the petitioner's PSR reflects that she became involved with the conspiracy and was convicted of that charge by virtue of her romantic involvement with fellow conspirator, Marquis Taylor; that the PSR reports that romance as having begun in early 1998; and, therefore, that the petitioner's involvement in the offenses of conviction could not have commenced within five years of her 1992 release on the juvenile convictions. (Id. at 2-3).

On December 15, 2005, the Court entered an Order addressing all 17 of the petitioner's claims. However, upon its review of those matters, this Court determined that the petitioner's claim that trial counsel was ineffective for having allowed her to be assessed criminal history points for her juvenile convictions -- as first set forth in her Motion for Summary Judgment -- was a modification of her §2255 claim that counsel was ineffective for having failed to seek a downward departure under §5K2.0, as was alleged in her Motion to Vacate. More critically, this Court determined that such modified claim was not raised before the expiration of the petitioner's one-year limitations deadline as imposed under the AEDPA; and that the modified claim was distinct enough from the original claim such that it could not be deemed to relate back to that or any other timely filed claim.

Therefore, this Court concluded that the modified claim could not be reached because it was time-barred. Additionally, this Court rejected all of the remaining claims, and denied the petitioner's Motion to Vacate.

Thereafter, <u>habeas</u> counsel timely appealed to the Fourth Circuit Court of Appeals. On appeal, <u>habeas</u> counsel challenged this Court's rejection of all of the petitioner's claims. See <u>Mayfield v. United States</u>, No. 06-6282, slip op. at 2 (4th Cir. Dec. 7, 2006). However, the Appellate Court tacitly approved of this Court's handling of 15 of the petitioner's claims, inasmuch as it denied her a certificate of appealability on all but two matters. That is, on appeal, the Circuit Court treated them as separate claims, and addressed the petitioner's allegations that this Court had erred in concluding that trial counsel was not ineffective for failing to seek a downward departure under §5K2.0; and that this Court had erred in determining that the petitioner's claim that counsel was ineffective for failing to object to the inclusion of her juvenile convictions was time-barred.

Upon its review, however, the Appellate Court affirmed this Court's denial of the petitioner's claim that counsel was ineffective for failing to seek a downward departure under §5K2.0 <u>Id</u>. On the other hand, the appellate Court noted that the government had conceded that the petitioner's claim challenging

9

counsel's handling of her juvenile convictions was timely raised. Id. Accordingly, the appellate Court remanded that claim for this Court to address on its merits.

## II. **ANALYSIS**

Now, turning to that claim, the law is clear that when alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

To demonstrate prejudice, the petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986), citing United States v. Frady, 456 U.S. 152, 170 (1982). Under these circumstances, then, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297,

10

citing Hutchins, 724 F.2d at 1430-31.

More critically, inasmuch as this petitioner has alleged ineffective assistance of counsel following the entry of her guilty pleas, she has a different burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59-60; and Fields, 956 F.2d at 1297. Critically, however, if a petitioner fails to meet his burden of demonstrating prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Thus, "the central inquiry" is whether, but for counsel's alleged errors, this petitioner would have insisted on a trial, Slavek v. Kinkle, 359 F.Supp.2d 473, 491 (E.D. Va. 2005) (summarily rejecting claims of ineffectiveness on prejudice prong based on petitioner's failure and inability to argue that but for alleged errors, he would have insisted on trial or entered a

11

different guilty plea). Courts have stated that this inquiry is an "objective one based on whether going to trial might reasonably have resulted in a different outcome." Martin v. United States, 395 F. Supp. 2d 326, 329 (D.S.C. 2005). See also Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in light of overwhelming evidence of guilt and lack of available defenses, petitioner could not establish prejudice under the modified "reasonable probability" standard); and Burket v. Angelone, 208 F.3d 172, 190-91 (4th Cir. 2000) (same).

At the outset, this Court notes that despite the fact that she is represented by at least two attorneys in this collateral proceeding, the petitioner has not bothered to assert or even to hint that but for this alleged error, she would have insisted upon going to trial in this matter. Moreover, it has not escaped the Court's attention that, given the number of other co-defendants who cooperated with the government in this case, the evidence of the petitioner's guilt was overwhelming. Additionally, the search of the petitioner's residence which, in part, lead to her being arrested and charged in this case, disclosed a stash of crack cocaine and weapons. Further, the record shows that during the life of the conspiracy, the petitioner was arrested on another occasion, at which time she had 9 ounces of crack cocaine on her person.

Incredibly, the petitioner never has offered a defense to

12

this evidence.  Rather, the petitioner simply, at times, has denied the full extent of her involvement; and at other times, she has attempted to explain away her conduct.

On this record, then, the petitioner cannot meet her burden of establishing a reasonable probability that, going to trial might have resulted in a more favorable outcome for her.  Rather, given the strong evidence against her and the lack of any credible defense, this record suggests that but for counsel's alleged error, a reasonable defendant likely still would have pled guilty and attempted to secure a favorable recommendation from the government in exchange for her cooperation.  <u>See, e.g.</u>, <u>Braxton v. United States</u>, 358 F. Supp. 2d 497, 505 (W.D. Va. 2005) (declining to "evaluate the merits" of claim of ineffectiveness and instead finding no prejudice in absence of assertion that petitioner would have insisted on trial where evidence of guilt was overwhelming, thereby making it likely that petitioner would have pled guilty and sought favorable motion from the government); <u>see also</u> <u>United States v. Jackson-Bey</u>, 302 F. Supp. 2d 621, 630 (E.D. Va. 2004) (finding "flatly unsupportable" petitioner's assertion that but for counsel's failure to advise him of the holding in <u>Bailey v. United States</u>, 516 U.S. 137 (1995) he would have insisted upon a trial, when <u>Bailey</u> worked against petitioner's position).

Furthermore, the Court is aware that by pleading guilty, the

13

petitioner secured a three-point reduction in her offense level under USSG §3E1.1(a). Ultimately, this Court concludes that, notwithstanding counsel's alleged error, there is little likelihood on this record that the petitioner would have demanded a trial, or that such a trial would have resulted in a more favorable outcome for her. This fact, alone, is an adequate basis upon which to summarily reject the subject claim against counsel. Therefore, the petitioner's claim must be rejected.

### III. **CONCLUSION**

The petitioner has failed to assert that but for trial counsel's alleged error, she would have insisted upon going to trial. Moreover, the record before this Court tends to establish a reasonable probability that a similarly situated defendant would not have chosen to go to trial.[2] Thus, the petitioner has failed to demonstrate that she was prejudiced by trial counsel's alleged error.

---

[2] Notwithstanding the fact that the petitioner's PSR tended to describe her offense conduct as having derived solely from her romantic involvement with co-conspirator, Marquis Taylor, the government has pointed this Court to additional evidence which tends to show that such description was incomplete. Indeed, as was noted above, the government's evidence includes the petitioner's post-judgment correspondence, dated June 10, 2000, wherein she admitted that she and co-conspirators Leonard Holland and James Linney began dealing "numerous amounts of cocaine and cocaine base" as early as "1993-1994"; and that it was Holland who actually introduced her to Marquis Taylor in 1998, at which point Taylor became their new drug supplier and leader. Such evidence also includes a post-judgment written statement wherein the petitioner stated that Holland had introduced her to Taylor with the understanding that she would "get involved with Marquis in order to receive drugs for Leonard [Holland and] Flip [Linney] . . . ." While not dispositive for purposes of this Order, this evidence reflects that the petitioner's conspiratorial conduct began well within five years of her 1992 release from prison, and is consistent with the notion that the Court's four-point assessment was not erroneous on its merits.

14

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's remaining claim of ineffective assistance of counsel is **DENIED and DISMISSED.**

**SO ORDERED.**

                                          Signed: November 26, 2007

                                          Richard L. Voorhees
                                          United States District Judge